UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lee Hoyt,<br><br>              Plaintiff,<br>v.<br><br>Asset Recovery Solutions, LLC; and DOES 1-10, inclusive,<br><br>              Defendants. | Civil Action No.: 3:13-cv-01342<br><br>COMPLAINT<br><br>September 13, 2013 |

For this Complaint, Plaintiff, Lee Hoyt, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Lee Hoyt ("Plaintiff"), is an adult individual residing in Windsor Locks, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Asset Recovery Solutions, LLC ("Asset"), is an Illinois business entity with an address of 2200 East Devon Avenue, Suite 200, Des

Plaines, Illinois 60018, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Asset and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Asset at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,900.00 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Asset for collection, or Asset was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Asset Engages in Harassment and Abusive Tactics**

12. On or about August 1, 2013, Asset called Plaintiff's place of employment in an attempt to collect the Debt.

13. During this telephone conversation, Plaintiff informed Asset that he could not receive personal calls at work and instructed Asset to cease such calls.

14. **Nonetheless, Asset placed calls to Plaintiff's place of employment on or about August 2 and August 5, 2013.**

15. **During one call, Asset threatened to garnish Plaintiff's wages and to keep calling Plaintiff "every day" if the Debt was not paid immediately.**

C. <u>Plaintiff Suffered Actual Damages</u>

16. **Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.**

17. **As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.**

<u>COUNT I</u>
<u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*</u>

18. **Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.**

19. **Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted Plaintiff at his place of employment, knowing that Plaintiff's employer prohibited such communications.**

20. **Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.**

21. **Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.**

22. **Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants**

threatened Plaintiff with garnishment if the Debt was not paid.

23.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

24.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

25.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

26.     Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,
### Conn. Gen. Stat. § 42-110a, *et seq.*

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

29.     Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

30.     Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: September 13, 2013**

>**Respectfully submitted,**
>
>**By   /s/ *Sergei Lemberg*___**
>
>**Sergei Lemberg, Esq.**
>**LEMBERG & ASSOCIATES L.L.C.**
>**1100 Summer Street, 3rd Floor**
>**Stamford, CT 06905**
>**Telephone: (203) 653-2250**
>**Facsimile:   (203) 653-3424**
>**Attorney for Plaintiff**